IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:18-CR-36-JRG-HBG |
| CURTIS SHANE OAKS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Curtis Shane Oaks's Motion for a Bill of Particulars [Doc. 481], filed on April 30, 2019. The Government responded [Doc. 498] to this motion on May 13, 2019. After considering the parties' filings and relevant case law, the Court finds that the Superseding Indictment [Doc. 33] adequately apprises Defendant Oaks of the charges against him. Accordingly, the request for particularization [**Doc. 481**] is **DENIED**.

## I.  BACKGROUND

Defendant Oaks and twenty-six Codefendants are charged in a Superseding Indictment [Doc. 33]. Count One alleges that Defendant Oaks conspired with Codefendants and others to knowingly, intentionally, and unlawfully distribute, and possess with the intent to distribute, fifty grams or more of methamphetamine. Twenty-two Codefendants have entered into plea agreements. Defendant Oaks is also charged with aiding and abetting Defendant Fleenor to possess with intent to distribute methamphetamine (Count Twenty-nine) and aiding and abetting Defendant Fleenor to possess a firearm knowingly in furtherance of Count Twenty-Nine (Count Thirty).

## II.     POSITIONS OF THE PARTIES

Defendant Oaks argues the Superseding Indictment [Doc. 33] does not adequately apprise him of his alleged involvement in the methamphetamine conspiracy.  Defendant Oaks asks [Docs. 481 & 482] the Court to order the Government to provide a bill of particulars providing: (1) the specific date he joined the alleged conspiracy; (2) the persons with whom he allegedly conspired; (3) the specific acts he allegedly agreed to commit during his involvement in the conspiracy; and (4) the role he allegedly fulfilled in the conspiracy.  Specifically, Defendant Oaks avers the Superseding Indictment fails to explain how his involvement in the conspiracy was knowing or willful.  He contends that this is particularly problematic because he and a Codefendant were roommates during the timeframe of the alleged conspiracy.  Defendant Oaks further argues the Superseding Indictment does not specify the manner in which he joined the conspiracy or otherwise provide the scope of his participation in the conspiracy.  Defendant Oaks claims he cannot adequately prepare his defense or avoid surprise at trial without this information.

The Government responds [Doc. 482] in opposition, arguing the Superseding Indictment states with particularity all relevant charges, the elements of those charges, and the applicable statutes.  The Government asserts discovery has been available since October 2018, and therefore Defendant Oaks has had access to the evidence against him since that time.  Further, the Government claims that it has provided the following information in discovery, which sufficiently informs the Defendant of his specific involvement in the conspiracy:  Defendant Oaks's own confession, reports and statements by law enforcement, laboratory reports, search warrant documents, and photographs made during the investigation.  Additionally, the Government relates that it has provided the Defendant a written plea offer, detailing Defendant's involvement in the case.  The Government contends Defendant Oaks's request for a bill of particulars is merely an

attempt to discover the Government's legal theory and evidence before trial. For these reasons, the Government argues a bill of particulars is unnecessary.

## III.  ANALYSIS

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment is constitutional if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting *Hamling*). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "fully, directly, and expressly[.]" *Hamling*, 418 U.S. at 117 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)); *Landham*, 251 F.3d at 1079. Moreover, the statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117-18 (quoting *United States v. Hess*, 124 U.S. 483, 487(1888)); *Landham*, 251 F.3d at 1079.

Federal Rule of Criminal Procedure 7(f) states that "[t]he court may direct the government to file a bill of particulars" and that "[t]he government may amend a bill of particulars subject to such conditions as justice requires." "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the

court's discretion. *See id.* (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. *Id.* Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other gnds by stat.*, *United States v. Caseslorente*, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

In the instant case, the Court finds that the Superseding Indictment adequately informs the Defendant of the charges against him such that he may prepare his defense and avoid surprise at trial. First, Defendant seeks the specific date on which he allegedly joined the conspiracy. However, the specific date on which Defendant Oaks allegedly joined the conspiracy is not an essential element of any charge against him. *See United States v. Roman*, 728 F.2d 846, 852 (7th Cir. 1984) (holding an indictment did not need to include the specific date on which the defendant allegedly joined a drug conspiracy). Furthermore, the Court observes that the Defendant already has access to sources of information which estimate the date he became involved in the conspiracy. For example, although Count One in the Superseding Indictment provides that the conspiracy occurred over a seventeen-month period from February 2017 until July 2018, the statements in the factual bases of his Codefendants' Plea Agreements indicate Mr. Oaks's involvement in the conspiracy began sometime between May 2017 and October 2017. Moreover, the Superseding Indictment alleges that Defendant Oaks aided and abetted in the possession of methamphetamine on December 4, 2017. Accordingly the Court finds that the Defendant has information as to the timeframe of his alleged involvement in the conspiracy.

Next, Defendant Oaks requests particularization of the names of the individuals with whom he allegedly conspired. However, the Court finds Defendant Oaks is already aware of the identities

of twenty-six of the participants in the conspiracy, who are named in the Superseding Indictment. Furthermore, the Sixth Circuit has held the Government is not required to furnish in a bill of particulars the names of co-conspirators or other persons present when the Defendant allegedly participated in a conspiracy. *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991).

Finally, Defendant Oaks seeks particularization of the precise acts he allegedly committed and the specific role he allegedly fulfilled as part of his involvement in the conspiracy. The Government is not required to allege or prove overt acts in furtherance of a drug conspiracy. *See United States v*. Nelson, 922 F.3d 311, 317 (6th Cir. 1990), *cert. denied*, 499 U.S. 981 (1991). Nevertheless, the Court finds Defendant Oaks has access to information from other sources, such as the discovery or the factual bases alleged in his Codefendant's plea agreements, that details the Government's allegations as to his participation in the methamphetamine conspiracy. *See Paulino*, 935 F.2d at 750 (holding that additional particularization is not necessary when the defendant has access to the details sought from other sources). For example, Defendants Sheets's and Fleenor's Plea Agreements [Docs. 265 & 277] state that Defendant Sheets sold methamphetamine to Defendant Oaks for redistribution. Further, Defendant Russell Isaacs's Plea Agreement [Doc. 313] states that Defendant Oaks sold Defendant Isaacs methamphetamine.

Consequently, the Court finds a bill of particulars is not necessary for Defendant Oaks to avoid surprise at trial. In disclosing search warrant affidavits, reports and statements by law enforcement officers, photographs, and laboratory reports in discovery, the Government has previewed much of its case for Defendant Oaks. Moreover, the Government has laid out precisely how it contends Defendant Oaks participated in the conspiracy in the factual basis of the plea offer it provided to him. The Court finds the charges, along with the discovery and other information

available to Defendant Oaks, sufficiently inform him of the allegations against which he must defend.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Oaks's Motion for a Bill of Particulars [**Doc. 481**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge